Mark A. DiSalle and Celia DiSalle v. Commissioner.
Di Salle v. Commissioner
Docket No. 3948-67.
United States Tax Court
T.C. Memo 1969-38; 1969 Tax Ct. Memo LEXIS 260; 28 T.C.M. (CCH) 198; T.C.M. (RIA) 69038; February 24, 1969. Filed *260 Mark A. DiSalle, pro se, 94-17 58th Ave., Rego Park, N. Y. Marwin A. Batt, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioners' 1964 income tax in the amount of $352.95 plus an addition to tax in the amount of $17.65 for negligence or intentional disregard of rules and regulations under section 6653(a), Internal Revenue Code of 1954. Petitioners are husband and wife. They resided in Rego Park, Queens, New York, at the time they filed their petition herein. They had filed their 1964 joint income tax return with the district director of internal revenue, Manhattan District, New York. The parties have filed a stipulation of facts incorporating certain exhibits. No other evidence was presented. On the return filed by petitioners the business occupation was stated to be "Office Manager" and that of his wife "Billing Clerk". Their total gross income was reported as $13,731.94. They claimed itemized deductions in the aggregate amount of $2,501.56. In determining the deficiency herein the Commissioner disallowed these deductions in full for lack of substantiation, and instead allowed them *261 the standard deduction of $1,000. The disallowed items were as follows: Charitable Contributions: "Lady of the Angelus"
$960.00
"Miscellaneous" 450.00 $1,410.00
Taxes:
State and local gasoline
$80.00
General sales
680.00
State and local income 251.56
* $1,091.56
$2,501.56
Petitioners have conceded that "they have never presented to any representative of Respondent any substantiation of" any of the foregoing items. The only "evidence" before the Court relied upon by petitioners are three exhibits submitted with the stipulation of facts. The first such exhibit is a form letter addressed to petitioner Mark A. DiSalle from the office of the district director, dated December 6, 1966, relating to Mr. DiSalle's refusal to agree with the adjustments proposed by the examining officer with respect to the 1964 taxes. On the reverse side of this form letter was a communication to Mr. DiSalle in long hand as follows: 12/6/66 Dear Mr. DiSalle: *262 In answer to your question asked at our conference yesterday as to whether the Internal Revenue Service published any instructions concerning the examination of your return, I am enclosing a copy of our instructions entitled "If Your Return Is Examined". This is only one of many instruction pamphlets that may be 199 obtained at no cost to the public at any of our offices. The pamphlets cover a wide range of topics. Also encolsed is a copy of the instruction pamphlet for preparing your return. These are the instructions you referred to at the conference. As you can see, this pamphlet is limited to instructions on how to prepare your return. However, on the last page of this pamphlet it refers you to other publications on other topics. In view of this, if you wish to reconsider your position, please sign the enclosed agreement form and return in the enclosed envelope. This will stop the interest charge. If you have any questions, feel free to call. Your case will be held open for 10 days awaiting your reply, at which time it will be closed. John P. Casey Conferee The other two exhibits are copies of two Internal Revenue Service pamphlets entitled (1) "If Your Return Is *263 Examined", and (2) "Instructions for Preparing Your Federal Income Tax Return Form 1040 for 1964". It was made clear to petitioner Mark A. DiSalle at the hearing of this case that the burden was upon him to establish error in the Commissioner's determination. The Court attempted to encourage him to take the witness stand and give testimony in support of his claimed deductions, but he did not do so. Rather, he appeared to content himself with an attack upon the Internal Revenue Service. In the circumstances we have no alternative other than to approve the Commissioner's determination for failure of proof. Decision will be entered for the respondent. Footnotes
*. This figure was the amount claimed on the return as the aggregate of taxes paid. However, the sum of the three components constituting this item appears to be $1,011.56.↩